WO                                                                                                          MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diego Andres Arateco Munoz,<br><br>                Petitioner,<br><br>v.<br><br>United States Department of Homeland Security,<br><br>                Respondent. | No. CV-20-00499-PHX-JAT (CDB)<br><br>**ORDER** |

Petitioner Diego Andres Arateco Munoz (A# 204-894-867) has filed a pro se Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and paid the filing fee. The Court will require Petitioner to show cause why this action should not be dismissed as moot.

**I.     Background**

Petitioner is a native and citizen of Colombia. On June 18, 2008, he was admitted to the United States on a student visa, and in 2013, he applied to adjust his status to that of a lawful permanent resident. Petitioner was granted advance parole on November 19, 2019, and later reentered the United States at a port of entry in Nogales, Arizona. (Doc. 1 at 9.) However, on January 31, 2020, he was issued a Notice to Appear (Form I-862) by the United States Department of Homeland Security ("DHS") that charged him as removable from the United States pursuant to the Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid

JDDL

entry document required by the INA. (*Id.* at 13-16.)  He was then taken into custody and detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona.

## II.   Petition

In his Petition, Petitioner names DHS as Respondent.  He brings five grounds for relief.  In Ground One, he claims that he "was granted advance parole which allowed [him] to reenter the country without jeopardizing [his] pending application for adjustment of status."  In Ground Two, Petitioner claims that he "had an immigration bond pending for 5 years for a misdemeanor conviction and [a] Notice to Appear (NTA) was never filed" in violation of his Fifth Amendment rights.  In Ground Three, Petitioner claims his new classification as an arriving alien violates his due process rights.  In Ground Four, Petitioner claims that his "adjustment of status [application has] been pending for 6 years" which violates his rights under the Fifth Amendment.  In Ground Five, he claims that his Fourth Amendment rights have been violated because "Officer Barton should have known that possession of a valid advance parole document and temporary resident status entitled [him] to reenter the United States."  Petitioner asks the Court to terminate his removal proceedings and order his release from custody.

## III.   Habeas Corpus Review

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3).  The writ of habeas corpus historically "provide[s] a means of contesting the lawfulness of restraint and securing release." *Department of Homeland Security v. Thuraissigiam*, 591 U.S. ___, 140 S. Ct. 1959, 1969 (2020); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (habeas corpus "provides a remedy to non-citizens challenging executive detention.").

Habeas corpus review in district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or

execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[1] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii). However, "the extent of the Government's detention authority is not a matter of 'discretionary judgment,' 'action,' or 'decision.'" *Jennings v. Rodriguez*, 583 U.S. ___, 138 S. Ct. 830, 841 (2018). Thus, "challenges to the statutory framework" authorizing detention, *Jennings*, 138 S. Ct. at 841, "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011), and "constitutional claims," such as "claims that the discretionary process itself was constitutionally flawed[,] are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241,'" *Singh v. Holder,* 638 F.3d 1196, 1202 (9th Cir. 2011) (quoting *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 829 (9th Cir. 2002)).

## IV.   Discussion

### A.   Removal Proceedings

Petitioner's claims seeking to terminate his removal proceedings are barred from habeas corpus review in district court under 8 U.S.C. §§ 1252(a)(5), (b)(9). These claims are inextricably linked with, and are not independent of, his removal proceedings and must be challenged before the agency and channeled through the petition for review process in the Ninth Circuit Court of Appeals. *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031-32 (9th Cir. 2016); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *Singh*, 638 F.3d at 1211; *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007). Therefore, Petitioner's claims are dismissed without prejudice for lack of jurisdiction to the extent that they challenge his removal proceedings.

---

[1] *See* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal"); *but see also Department of Homeland Security v. Regents of the University of California*, 591 U.S. ___, 140 S. Ct. 1891, 1907 (2020) ("§ 1252(b)(9) does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined.") (internal quotations omitted).

**B.     Custody**

Petitioner will be required to show cause why his remaining claim(s) seeking his release from custody, and this action, should not be dismissed as moot.  "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Absent "some remaining 'collateral consequence'" that can be redressed by success on the petition, a petitioner's release from custody or removal from the United States moots a challenge to the legality of detention.  *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 935 (9th Cir. 2016); *Abdala*, 488 F.3d at 1064-65.

The ICE Online Detainee Locator System reports that Petitioner is not currently detained in ICE custody.[2]  Because it appears that Petitioner has been released from Respondents' custody, the Court cannot provide him with his remaining request for relief—his release from detention.  Accordingly, Petitioner will be required to show cause why this action should not be dismissed as moot.

**IT IS ORDERED**:

(1)     Petitioner shall have **14 days** from the date this Order is filed to file a response to this Order and show cause why this action should not be dismissed as moot.

(2)     If Petitioner fails to file a response to this Order within 14 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action and deny any pending unrelated motions as moot.

Dated this 19th day of August, 2020.

_____
James A. Teilborg
Senior United States District Judge

---

[2] *See* ICE Online Detainee Locator System, https://locator.ice.gov.